UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| VERONICA OLIVE, ) | |
| ) | |
| Movant, ) | |
| ) | No. 3:11-MC-13 |
| ) | (PHILLIPS/GUYTON) |
| v. ) | |
| ) | |
| TENNESSEE VALLEY AUTHORITY, ) | |
| ) | |
| Respondent. ) | |

# REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the orders of the District Judge [Docs. 6, 7] referring Movant Veronica Olive's Motion for Order Pursuant to Customer's Challenge Under the Right to Financial Privacy Act of 1978 [Doc. 1] and the Motion to Strike Movant's Motion for Order [Doc. 4], filed by the Tennessee Valley Authority ("TVA"), to the undersigned for report and recommendation.

For the reasons stated below, the undersigned finds that the Motion for an Order is not well-taken and will **RECOMMEND** that it be **DENIED**. The undersigned also finds that the Motion to Strike is not well-taken and will **RECOMMEND** that it be **DENIED**.

## I. BACKGROUND

On May 4, 2011, TVA's Office of the Inspector General ("OIG") issued an administrative subpoena No. 11-101F ("Subpoena") to Wells Fargo Bank in Phoenix, Arizona, [Doc. 1-1 at 5], pursuant to the provisions of Section 6(a)(4) of the Inspector General Act of 1978 (the Act), as amended, 5 U.S.C. app. § 6(a)(4) (2006 & Supp. III 2009). In that Subpoena, the OIG requested certain bank records pertaining to, among others, Movant Veronica T. Olive ("Ms. Olive") and Olive Management Services. TVA maintains that this subpoena was issued in "connection with an investigation about the possible embezzlement of funds deposited by TVA in an account of a TVA contractor, which funds were administrated and distributed by Movant." [Doc. 4 at 1-2].

The Subpoena was served upon Wells Fargo Bank, by mail, on May 4, 2011. [Doc. 5 at ¶ 5]. On May 4, 2011, the OIG also sent Notice to Movant advising her that the Subpoena was served on Wells Fargo Bank and of her right to challenge the Subpoena, along with copies of, among other things, the Subpoena and the necessary documents to challenge the Subpoena in federal district court. [Doc. 5 at ¶ 5; Doc. 1-1 at 1-4].

On June 3, 2011, Ms. Olive filed her Motion for Order Pursuant to Customer's Challenge Under the Right to Financial Privacy Act of 1978, [Doc. 1].

## II. POSITIONS OF THE PARTIES

In her Motion for Order, Ms. Olive moves the Court, pursuant to Section 1110 of the Right to Financial Privacy Act of 1978, 12 U.S.C. § 3410, ("the Act"), for an order preventing TVA from obtaining access to her financial records. [Doc. 1]. In support of her position, Ms.

Olive has declared, "I am opposed to sharing this information without further explanation as to the reason and relevance for this request." [Doc. 2 at 1].

In its Motion to Strike, TVA requests that the Court enter an order that strikes the Motion for Order as untimely. [Doc. 4 at 1]. In the alternative, TVA argues that even if the motion was timely Ms. Olive has failed to demonstrate that the Subpoena seeks irrelevant information or that the Subpoena fails to comply with the Act.

**III.    ANALYSIS**

Pursuant to the Act, a movant seeking to quash or enjoin a subpoena for financial records must file a motion to quash within ten days of service or within fourteen days of the mailing of the subpoena. See 12 U.S.C. § 3410(a)(1). Upon filing of such a motion, "[i]f the court finds that the applicant is not the customer to whom the financial records sought by the Government authority pertain, or that there is a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry, it shall deny the motion or application . . . ." 12 U.S.C § 3410(c).

In this case, Ms. Olive did not file her motion within ten days of service or within fourteen days of mailing. Thus, the Court finds that the motion is not timely.

TVA argues that because the motion was not timely filed, the Court lacks jurisdiction to consider this matter. On this basis, TVA maintains that the motion should be stricken from the record. The Court has reviewed the cases cited by TVA, including Turner v. United States, 881 F. Supp. 449 (D. Haw. 1995) and Sandsend Fin. Consultants, Ltd v. Fed. Home Loan Bank Bd., 878 F.2d 875 (5th Cir. 1989). The Court finds that neither case is wholly on point in this matter, because neither case endorsed striking the filings at issue.

3

TVA has not cited the Court to the Rule of Civil Procedure under which it proposes that the Court strike Ms. Olive's motion.  The Court will assume that the Motion to Strike is brought pursuant to Rule 12(f) of the Rules of Civil Procedure, which allows courts to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  However, as the Court of Appeals for the Sixth Circuit has recognized, striking a pleading "is a drastic remedy to be resorted to only when required for the purposes of justice." Brown & Williamson Tobacco Corp. v. United States, 201 F.2d 819, 822 (6th Cir. 1953). Decisions from this District and other district courts within this Circuit reiterate that striking filings is a disfavored remedy.  See, e.g., Ameriwood Indus. Int'l Corp. v. Arthur Andersen & Co., 961 F.Supp. 1078, 1083 (W.D. Mich.1997); Federal Sav. & Loan Ins. Corp. v. Burdette, 696 F.Supp. 1183, 1186 (E.D. Tenn. 1988).

In this case, the Court finds that the appropriate Court action would be to deny both the Motion for Order and the Motion to Strike.  The Motion for Order is untimely, and it, therefore, does not comply with the prerequisites for relief laid out in 12 U.S.C. § 3410.  Even if the Motion for Order was timely, the Court finds that there "is a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry."  See 12 U.S.C. § 3410(c).  Therefore, the Court will recommend that the Motion for Order be denied, but the Court declines to recommend that it be stricken from the record.

4

## IV. CONCLUSION

Based upon the foregoing, the Court **RECOMMENDS**[1] that the District Judge **DENY** the Motion for Order **[Doc. 1]** and that the District Judge **DENY** the Motion to Strike **[Doc. 4].**

Respectfully Submitted,

s/ H. Bruce Guyton
United States Magistrate Judge

---

[1] **Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).**